# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JANET BRANCH,<br><br>      Plaintiff,<br>vs.<br><br>WALMART, INC.,<br><br>      Defendant. | Case No. 4:24-cv-32<br><br>ANSWER TO PETITION<br>AND JURY DEMAND |

**COMES NOW,** Walmart Inc. ("Defendant"), by and through the undersigned attorneys and in response to Plaintiff Janet Branch's ("Plaintiff") Petition and Jury Demand ("Plaintiff's Petition") hereby states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Upon information and belief, Walmart is an Arizona corporation doing business in Fairfield, IA.

**ANSWER: Defendant denies the allegations contained in paragraph 1 of Plaintiff's Petition. Defendant affirmatively states that Defendant Walmart Inc. is a Delaware corporation with its main place of business in Arkansas.**

2. Walmart is located at 2701 W. Burlington Ave., Fairfield, IA 52556.

**ANSWER: Defendant denies the allegations contained in paragraph 2 of Plaintiff's Petition. Defendant affirmatively states that a Walmart store is located at 2701 W. Burlington Ave., Fairfield, IA 52556.**

3. Branch is a resident of Fairfield, Jefferson County, Iowa.

1

**ANSWER: Defendant denies the allegations contained in paragraph 3 of Plaintiff's Petition for lack of knowledge.**

4. Venue is proper in Jefferson County as the injury occurred in Jefferson County.

**ANSWER: Defendant denies the allegations contained in paragraph 4 of Plaintiff's Petition for lack of knowledge.**

5. The Jefferson County District Court has personal and subject matter jurisdiction of the action and the claim amount exceeds the minimal jurisdictional limits of the District Court.

**ANSWER: Defendant denies the allegations contained in paragraph 5 of Plaintiff's Petition for lack of knowledge.**

## FACTS

6. On March 17, 2023, Branch was on the premises owned by Walmart.

**ANSWER: Defendant denies the allegations contained in paragraph 6 of Plaintiff's Petition for lack of knowledge.**

7. Branch exited her car and slipped and fell on black ice as she stepped onto the parking lot.

**ANSWER: Defendant denies the allegations contained in paragraph 7 of Plaintiff's Petition for lack of knowledge.**

8. Walmart knew or should have known of the dangerous condition prior to the alleged incident and failed to correct the danger.

**ANSWER: The allegations contained in Paragraph 8 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

9. At all times material hereto, Walmart negligently failed to properly remove the ice from its premises.

**ANSWER: Defendant denies the allegations contained in paragraph 9 of Plaintiff's Petition.**

10. On March 17, 2023, Defendant knew or should of known that the uncleared ice on the parking lot which was located in the direct path of its customers coming and going into its stored created a dangerous condition and involved an unreasonable risk of injury to its customers.

**ANSWER: The allegations contained in Paragraph 10 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

11. On March 17, 2023, Walmart was negligent in that it failed to monitor, maintain or fix the dangerous conditions.

**ANSWER: The allegations contained in Paragraph 11 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

12. On March 17, 2023, Branch sustained severe personal injuries when she slipped and fell on the ice while attempting to get out of her vehicle.

**ANSWER: Defendant denies the allegations contained in paragraph 12 of Plaintiff's Petition.**

<u>**COUNT I (Negligence)**</u>

13. The injuries sustained by Branch were caused by the negligence and fault of Walmart.

**ANSWER: The allegations contained in Paragraph 13 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

14. Walmart was negligent because of the following acts or omissions:

   a. In failing to warn Branch that the area was unsafe;

   b. In failing to exercise ordinary care in inspecting and maintaining the public areas of the premises to see that they were in a safe condition for the public; and

   c. In failing to take adequate safety measure to protect the safety of the customers.

**ANSWER: The allegations contained in Paragraph 14 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations in full and in each and every subpart and demands strict proof thereof.**

15. Walmart's negligence was the proximate cause of the injury to Branch.

**ANSWER: The allegations contained in Paragraph 15 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

16. As a direct and proximate result of the negligence of Walmart, Branch has suffered severe and permanent injuries.

**ANSWER: The allegations contained in Paragraph 16 of Plaintiff's Petition call for a legal conclusion for which no answer is required, and on such basis, Defendant denies the allegations and demands strict proof thereof.**

17. As a result of Walmart's negligence Branch has suffered damages including:

   a. Past medical expenses;

   b. Future medical expenses;

   c. Past pain and suffering;

   d. Future pain and suffering;

   e. Past, present and future lost wages and lost future earning capacity;

   f. Past loss of body as a whole;

   g. Future body as a whole.

**ANSWER: Defendant denies the allegations contained in paragraph 17 of Plaintiff's Petition in full and in each and every subpart.**

**WHEREFORE** Defendant respectfully requests that this Court dismiss Plaintiff's Petition in its entirety, assess the costs of this matter to Plaintiff, and for any such other and further relief as the Court deems just and equitable in the premises.

## AFFIRMATIVE DEFENSES

1. Any allegations contained in Plaintiff's Petition not specifically admitted are hereby denied.

2. Plaintiff's Petition is barred by the applicable two-year statute of limitations set forth in Iowa Code Section 614.1.

3. Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted against Defendant.

4. Plaintiff was at fault and her own fault was the sole, proximate cause or a proximate cause of the fall and damages described in Plaintiff's Petition. Resulting damages, if

any, are barred because Plaintiff's was more than 50% at fault. In the event Plaintiff is found less than 50% responsible for the incident and damages, her damages should be reduced proportionate to her percentage of fault in accordance with Iowa Code Chapter 668.

5. Plaintiff's action is barred because she has not suffered any injury proximately caused by any act or omission attributable to Defendant.

6. Plaintiff's alleged injuries and damages, if any, were caused in whole or in part by the negligence and/or intentional conduct of someone other than Defendant.

7. Plaintiff's alleged injuries and damages, if any, were the direct result of a superseding and/or intervening cause.

8. Plaintiff has failed to mitigate her damages, if any.

9. Plaintiff's damages, if any, are the direct result of Plaintiff's failure to exercise ordinary care in that the condition that Plaintiff complains of was open and obvious to a reasonably prudent person in Plaintiff's position.

10. Plaintiff's damages are the direct result of Plaintiff's failure to exercise ordinary care in failing to keep a proper lookout which was the cause of Plaintiff's fall.

11. Defendant reserves the right to assert additional affirmative defenses that become known during discovery and/or trial.

## JURY DEMAND

**COMES NOW** Defendant, Walmart, Inc., and hereby requests a trial by jury on all issues in the above-captioned matter.

Respectfully submitted,

*/s/ Veronica Kirk*
Veronica Kirk, AT0009420
Anne E. Updegraff, AT0008026
MWH LAW GROUP LLP
4350 Westown Parkway, Suite 120
West Des Moines, IA 50266-1090
Telephone: (515) 453-8509
Facsimile: (515) 267-1408
E-mail: veronica.kirk@mwhlawgroup.com
E-mail: anne.updegraff@mwhlawgroup.com
*Attorneys for Defendant Walmart, Inc.*

## **PROOF OF SERVICE**

I hereby certify that on January 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic document management/electronic filing system which will send notification of such filing to the following:

John Rausch, AT0006398
RAUSCH LAW FIRM, PLLC
3909 University Avenue, P.O. Box 905
Waterloo, IA 50704
Telephone: (319) 233-3557
Facsimile: (319) 233-3558
E-mail: rauschlawfirm@dybb.com
*Attorney for Plaintiff*

Joanne Reed, AT0012623
REED LAW, P.C.
405 N. C. Street
Fairfield, IA 502556
Telephone: (641) 209-6383
Facsimile: (641) 209-0998
E-mail: wcpi@reedlawsupport.com
*Attorney for Plaintiff*

*/s/ Cyndi R. Ellis*